IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| NERE GALVAN<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§<br>§ | CIVIL ACTION NO. ____<br>JURY DEMANDED |
| COMPANION PROPERTY AND<br>CASUALTY INSURANCE<br>COMPANY<br>Defendant | §<br>§<br>§<br>§<br>§ | |

**COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY'S
NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446, Defendant Companion Property and Casualty Insurance Company, in Cause No. CL-15-1807-E pending in the 93rd Judicial District Court, Hidalgo County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, McAllen Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

## I.
## FACTUAL BACKGROUND

1.1   On or about June 8, 2015, Plaintiff filed his Original Petition in the matter styled *Nere Galvan v. Companion Property and Casualty Insurance Company,* Cause No. CL-15-1807-E pending in the County Court at Law Number 5, Hidalgo County, Texas. Therein, Plaintiff made a claim for damages to his home at 6606 Primavera, Pharr, Texas

1

78577, under a homeowner's insurance policy issued by Defendant. Significantly, Defendant Companion Property and Casualty Insurance Company is a foreign entity with its principal place of business in South Carolina.

1.2 Plaintiff served Defendant Companion Property and Casualty Insurance Company with his Original Petition and process on June 15, 2015.

1.3 Simultaneously with filing of this notice of removal, attached hereto as Exhibit "A" is the Index of Matters Being Filed. A copy of the Hidalgo County District Clerk's file for their case is attached as Exhibit "B", which includes true and correct copies of all executed process, pleadings and orders. Attached hereto as Exhibit "C" is the Designation of Counsel. Attached hereto as Exhibit "D-1" is Plaintiff's demand letter of June 4, 2014.

## II.
## BASIS FOR REMOVAL

2.1 Removal is proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

2.2 Plaintiff Nere Galvan is, and was at the time the lawsuit was filed, a resident of the State of Texas. Defendant Companion Property and Casualty Insurance Company is incorporated, and has its principal place of business, in South Carolina.

2.3 The amount in controversy exceeds the jurisdictional requirements.

**A. Because Defendant is a Foreign Citizen, there is Complete Diversity in this Case.**

2.4 It is undisputed that Plaintiff is a citizen of Texas. Because the defendant, Companion Property and Casualty Insurance Company, is a foreign defendant, there is complete diversity in this case. *See* 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

2.5 Companion Property and Casualty Insurance Company is incorporated and has its principal place of business, in South Carolina, not Texas. Accordingly, Companion Property and Casualty Insurance Company is a citizen of the State of South Carolina.

2.6 Because there is complete diversity, removal is proper based upon diversity of citizenship under 28 U.S.C. §§1332(a)(1), 1441(a), and 1446.

**B. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.**

2.7 Federal courts have subject matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). Generally, an amount in controversy for the purposes of establishing federal jurisdiction is determined by the plaintiff's complaint. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir. 1995). However, a plaintiff's written demand letter constitutes evidence of the amount in controversy. *See Liberty Surplus Ins. Corp. v. Slick Willie's of America*, Civ. Action No. H-07-706, 2007 WL 1795860 (S.D. Tex. June 21, 2007); *see also King v. Ameriprise Fin. Svcs., Inc.*, Civ. Action No. C-09-112, 2009 WL 1767641, *3-4 (S.D. Tex. June 19, 2009); *Cronin v. State Farm Lloyds*, Civ. Action No. H-08-

1983, 2008 WL 4649653, *3 (S.D. Tex. Oct. 10, 2008) ("The Fifth Circuit has looked to pre-suit demand letters as evidence of the amount in controversy").

2.8  Here, Plaintiff's claims are centered on the alleged failure to pay the full proceeds of his insurance policy necessary to make repairs to his property. He seeks recovery of actual damages, statutory penalties, punitive damages, attorney's fees, and prejudgment and post-judgment interest. *See* Plaintiff's Original Petition, p. 14, ¶ XII. Plaintiff's petition also makes an ambiguous claim for damages as follows: "Plaintiff seeks damages of monetary relief of $100,000 or less. Specifically, Plaintiff seeks damages of monetary relief of no more than $75,000." Plaintiff's Original Petition, p. 1, ¶ I. This ambiguous statement could be read in any number of ways, including that Plaintiff seeks recovery for as much as $100,000. Regardless, it does not deprive this Court of jurisdiction, particularly in light of the fact that Plaintiff is additionally seeking punitive damages. *See Vielma v. ACC Holding, Inc.*, No. EP-12-CV-501-KC, 2013 WL 3367494, at *5-6 (W.D. Tex. Apr. 16, 2013) (amount-in-controversy requirement is not defeated by the statement that "the maximum amount of damages sought in this case does not exceed $75,000"); *see also De Aguilar v. Boeing Co.*, 47 F.3d at 1412-13.

2.9  Additionally, in a demand letter of June 4, 2014, Plaintiff seeks damages of $41,356.25 in economic damages, 18% interest of $14,061.13 for a total of $70,305.63. *See* Exhibit D-1. Plaintiff's demand letter also noted that he was seeking "imposition of treble damages up to 3 times economic damages," which would obviously exceed $75,000.

2.10  Thus, the foregoing clearly demonstrates that the amount in controversy in Plaintiff's case exceeds the jurisdictional requirements.

## III.

## THE REMOVAL IS PROCEDURALLY CORRECT

3.1     Companion Property and Casualty Insurance Company files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2     Venue is proper in this District and Division under 28 U.S.C. § 1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

3.3     Pursuant to 28 U.S.C. § 1446(d), promptly after Companion Property and Casualty Insurance Company files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.4     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Hidalgo County District Court, promptly after Companion Property and Casualty Insurance Company files this Notice.

## IV.
## CONCLUSION

4.1     Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein, Defendant Companion Property and Casualty Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

By: /s/Thomas F. Nye
Thomas F. Nye
Attorney-in-charge
State Bar No. 15154025
Southern Dist. No. 7952
717 Everhart Road, Suite A
Corpus Christi, Texas 78411
Telephone: (361) 654-7008
Fax: (361) 654-7001
tnye@gnqlawyers.com

**ATTORNEY FOR DEFENDANT COMPANION PROPERTY AND CASUALTY INSURANCE COMPANY**

*Of counsel:*

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 5959
Brownsville, Texas 78523
Telephone (956) 544-7110
Fax: (956) 544-0607

William Gault
State Bar No. 07765050
Southern Dist. No.14685
bgault@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
P.O. Box 4200
Edinburg, Texas 78540
Telephone: (956) 618-0628
Fax: (956) 618-0670

I. Cecilia Garza
State Bar No. 24041627
Southern Dist. No. 578825
cgarza@gnqlawyers.com

GAULT, NYE & QUINTANA, L.L.P.
717 Everhart Road, Suite A
Corpus Christi, Texas 78411
Telephone: (361) 654-7008
Fax: (361) 654-7001

Mikell A. West
State Bar No. 24070832
Southern Dist. No. 1563058
mwest@gnqlawyers.com

## CERTIFICATE OF SERVICE

I certify that on the 15th day of July, 2015, a copy of Defendant Companion Property and Casualty Insurance Company's Notice of Removal was *electronically filed* on the CM/ECF system, and will be served on the following attorney-in-charge for Plaintiff Nere Galvan:

**VIA CM/RRR # 7013 2630 0001 3110 6420**
Peyton S. Kampas
V. Gonzalez & Associates, P.C.
121 N. 10th St.
McAllen, Texas 78501

                                                      /s/Thomas F. Nye
                                                      Thomas F. Nye